UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,

          v.

$25,869.00 OF $35,869.00 UNITED STATES                    26-CV-794
CURRENCY SEIZED FROM 60 STERLING
AVENUE, BUFFALO, NEW YORK,

                              Defendant *in rem*.

---

## VERIFIED COMPLAINT *IN REM*

The United States of America, by its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York and Elizabeth M. Palma, Assistant United States Attorney, of counsel, for its Verified Complaint *in rem* herein alleges as follows:

## CAUSE OF ACTION

1.      This is a civil action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of $25,869.00 of $35,869.00 in United States currency (hereinafter the "Defendant Currency"), which was seized during the execution of search warrant at 60 Sterling Avenue, Upper, Buffalo, New York on or about June 7, 2024.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28, United States Code, Section 1345 and over an action for forfeiture pursuant to Title 28, United States Code, Section 1355(a).

3. This Court has *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) because the acts or omissions giving rise to the forfeiture occurred in the Western District of New York.

4. Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395, because the Defendant Currency is currently in the custody of the United States Marshals Service for the Western District of New York.

## FACTUAL ALLEGATIONS

5. On June 7, 2024, the Erie County Sheriff's Office executed a search warrant at the residence of Robert L. Robinson (hereinafter "ROBINSON"), 60 Sterling Avenue, Upper, Buffalo, New York (hereinafter "the residence"). During the execution of the search warrant, ROBINSON was located inside the residence. The following items were recovered inside ROBINSON's residence, among other things:

  a. $35,869.00 United States currency;
  b. 124.89 grams of cocaine;
  c. One (1) Romarm Mini Draco 7.62x39 semi-automatic rifle, bearing serial number PF09862019RO, loaded with twenty-seven rounds;
  d. One (1) Smith & Wesson MP40 Shield handgun, bearing serial number HVF8766, loaded with six live rounds;
  e. A digital scale with suspected narcotics residue; and
  f. Twenty (20) rounds of .40 caliber ammunition.

6. After the execution of the search warrant, ROBINSON was taken into custody and interviewed by law enforcement after waiving his *Miranda* rights.

7. In sum and substance, ROBINSON told law enforcement that all the evidence, including the cocaine and firearms seized from the residence, belonged to him.

2

8.      ROBINSON stated that he had purchased the firearms "on the street" and that a portion of the Defendant Currency seized, was the product of trafficking narcotics.

9.      ROBINSON admitted that he possessed the cocaine described above with the intent to distribute it, and that he possessed the firearms mentioned above in connection with such drug distribution activity.

### CONCLUSION AND REQUEST FOR RELIEF

10.      Based on all of the foregoing facts, the circumstances surrounding these facts, and the experience and training of the law enforcement officers involved, there is a reasonable belief that the Defendant Currency constitutes moneys furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate any distribution of controlled substances distribution and is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America respectfully requests that:

(1)      an arrest warrant *in rem* be issued for the arrest of the Defendant Currency;

(2)      all persons having any interest therein be cited to appear and show cause why the forfeiture should not be decreed;

(3)      a judgment be entered declaring the Defendant Currency condemned and forfeited to the United States of America for disposition in accordance with the law;

(4)      the costs of this suit be paid to and recovered by the United States of America; and

3

(5)    the Court grants such other and further relief as deemed just and proper.


DATED:    March 10, 2026
        Buffalo, New York.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York


/s/ *Elizabeth M. Palma*

By:    ELIZABETH M. PALMA
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5860
       elizabeth.palma@usa.doj.gov

**VERIFICATION**

WILLIAM BOVA, hereby declares as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), Buffalo, New York.

2.      I am familiar with the facts and circumstances surrounding the seizure of $35,869.00 of 60 Sterling Avenue, Upper, Buffalo, New York on or about June 7, 2024.

3.      The facts alleged in the Verified Complaint *in Rem* are true to the best of my knowledge and belief based upon information furnished to me by officials of the FBI and the Erie County Sheriff's Office and provided to the officials of the United States Attorney's Office.

I declare under penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Buffalo, New York
        March 10, 2026

                                        _William Bova_____
                                        WILLIAM BOVA
                                        Special Agent
                                        Federal Bureau of Investigation